FILED

MAR 12 2018

Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALVIN C. LEE,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSON,<br><br>Respondent. | Cause No. CV 18-14-BLG-SPW-TJC<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Alvin C. Lee's application for writ of habeas corpus under 28 U.S.C. §2254, filed January 29, 2018. Lee is a state prisoner proceeding pro se.

I.  **Background**

Lee was one of a group of petitioners that joined in filing what they characterized as an "En Masse Petition for Writ of Habeas Corpus- 28 U.S.C. § 2254 as per Rule 23 of the Federal Rules of Civil Procedure." (Doc. 2). The "en masse" petitioners sought to challenge the constitutionality of the criminal charging process utilized against them by the State of Montana. *Id.* at 18-32.

Lee, and the additional petitioners, were notified that the Court would not allow them to proceed as a group and that separate cases would be opened for each. (Doc. 1 at 1-5). Petitioners were then ordered to respond individually to advise the Court whether or not they wished to proceed and, if so, petitioners were

1

directed to each complete the Court's standard habeas form. *Id.* at 5-6. Lee did not respond to this Court's order.

### i. Motion for Leave to Proceed in Forma Pauperis

Lee has moved this Court to be granted in forma pauperis status. (Doc. 3). Because there is no reason to delay this matter further, Lee's motion will be **GRANTED**.

### ii. Motion to Dismiss

Lee asks this Court to dismiss Burglary, Assault with a Weapon, and Robbery convictions handed down in Montana's Sixteenth Judicial District Court, Garfield County, in Cause No. DC-17-2013-01. (Doc. 4 at 1).[1] The argument is premised upon what Lee believes to be a faulty and unconstitutional state criminal charging process. *Id.* at 1-12.[2] This Court is not able to provide Lee the relief sought. Federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions"). It would be entirely inappropriate for this Court to review and dismiss the state

---

[1] *See also* Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/15621 (accessed March 7, 2018).
[2] All of the "en masse" petitioners filed this identical motion, but each specified his individual state-court conviction(s).

2

convictions as suggested by Lee. The Motion to Dismiss (Doc. 4) is **DENIED**.

### iii. 28 U.S.C. § 2254 Petition/Failure to Prosecute

As set forth above, Lee was ordered to advise the Court whether or not he wished to proceed in this action and, if so, to complete the Court's standard habeas form. Lee failed to timely respond to this Court's order.

The Federal Rules of Civil Procedure apply in a habeas action to the extent they are not inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts or other applicable law. See Rule 11, Section 2254 Rules; *Mayle v. Felix*, 545 U.S. 644, 654 (2005). Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a defense motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether Petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson*

3

*v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Lee has failed to file his response within the requisite timeframe. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Lee refuses to comply with the Court's orders. Lee's case has consumed judicial resources and time that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondent. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F. 2d 128, 131 (9th Cir. 1987). Lee's refusal to comply with the Court's order

makes prejudice a foregone conclusion. The longer this matter sits, the more prejudice to Respondent.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* Lee was provided with the Court's standard habeas form to complete and was afforded an adequate amount of time to do so. Lee failed to respond to the Court's order. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. The Court will therefore recommend that this matter be dismissed for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

## II.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes

a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims advanced by Lee do not appear to make a substantial showing that he was deprived of a constitutional right. No reasonable jurist would suggest the Court go forward with the case without Lee's participation. A certificate of appealability should be denied because reasonable jurists would find no reason to encourage further proceedings.

Based on the foregoing, the Court enters the following:

### ORDER

1. Lee's Motion to Proceed in Forma Pauperis (Doc. 3) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

2. Lee's Motion to Dismiss (Doc. 4) is DENIED.

## RECOMMENDATION

1. Lee's Petition (Doc. 2) should be DISMISSED under Fed. R. Civ. P. 41(b) for failure to prosecute.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Lee may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Lee must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 12 day of March, 2018.

Timothy J. Cavan
United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Lee is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.